# EXHIBIT A

# STATE OF NORTH CAROLINA

Mecklenburg County

File No. 23CVD6885

In The General Court Of Justice
☐ District ☐ Superior Court Division

**Name Of Plaintiff**
Terecita DeJesus Plasencia

**Address**
19705 Acacia Place

**City, State, Zip**
Cornelius, NC 28031

VERSUS

**Name Of Defendant(s)**
Patti Lano, Esq.
Lowe's
1000 Lowe's Blvd, Mailcode: LGL
Mooresville, NC 28117

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

To Each Of The Defendant(s) Named Below:

**Name And Address Of Defendant 1**
Lowe's
1000 Lowe's Blvd, Mailcode LGL
Mooresville NC 28117

**Name And Address Of Defendant 2**

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
PRO-SE
Terecita DeJesus Plasencia
133 Overcreek LN
Mooresville NC 28117

**Date Issued** 4.17.23  **Time** 3:10 ☐ AM ☒ PM

**Signature**
☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement**  **Time** ☐ AM ☐ PM
**Signature**
☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Side One Copy - Side Two Not Reproduced

FILED
2023 APR 17 ☐ 3: 20
MECKLENBURG CO. CSC
BY _____

IN THE UNITED STATES FOR THE DISTRICT OF Western North Carolina Charlotte Division

Terecita Dejesus Plasencia,
Plaintiff,

v.

Lowe's Companies Inc., d/b/a

Lowe's, Defendant.

CIVIL ACTION NO.: 23CV06885

COMPLAINT

(JURY TRIAL DEMANDED)

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation to provide appropriate relief to Terecita Dejesus Plasencia who was adversely affected by such practices. As alleged with greater particularity below, Terecita Dejesus Plasenica alleges that Defendant subjected Plasencia to sexual harassment because of her sex, creating a hostile unsafe work environment. Plasencia also alleges that Defendant retaliated against her after she complained of the harassment and unsafe criminal environment. Finally, Plasencia contends that Defendant's failure to take prompt remedial actions to stop the harassment and Defendant's retaliatory actions caused Plasencia's constructive discharge. Lowe's imposed intolerable, unsafe, hostile, and criminal working conditions on her because of

1

reporting sexual harassment on her and others. Plaintiff seeks monetary and injunctive relief, including pecuniary and nonpecuniary compensatory damages and punitive damages.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

## PARTIES

3. Plaintiff, Terecita Dejesus Plasencia, proceeding pro se, is an individual with mailing Address: 19705 Acasia Pl, Cornelius, NC 28031, Contact Phone: 704-236-3574, Email: terecitaplasencia@gmail.com brings this action against Defendant, Lowe's Companies Inc., ("Lowe's"), a North Carolina corporation with its principal headquarters located in Iredell County, North Carolina.

4. At all relevant times, Defendant, Lowe's Companies Inc., ("Lowe's"), a North Carolina corporation, has continuously been a corporation doing business in the State of North Carolina has continuously had at least 15 employees.

5. At all relevant times, Lowe's has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

2

6. More than thirty days prior to the institution of this lawsuit, Plasencia filed charges with the EEOC alleging Lowe's violated Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Plasencia amended her charge several times in January 2023.

8. The EEOC provided Lowe's with notice of Plasencia's charge of discrimination on January 10, 2023.

9. On January 17, 2023, the EEOC issued Letters of Determination to Lowe's as to each charging party.

10. EEOC issued the Letters of Determination notice relative to Congresswoman Alma Adams meeting with Lowe's CEO Marvin Ellison.

11. From at least April 2020 Defendant Lowe's engaged in unlawful employment practices at Headquarters Flagship Huntersville, NC location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a). (1) Defendant engaged in these unlawful practices through the following actions: (1) by subjecting Plasencia to sexual harassment starting in January 2022; (2) by retaliating against Plasencia on her complaints about sexual harassment starting in July 2022 in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); (3) by constructively discharging her based on the sexual harrassment in violation of 42 U.S.C. §2000e-2(a) and/or in retaliation for their complaints about the sexual harassment in violation of 42 U.S.C. § 2000e-3(a).

12. The effect of the practices complained of in paragraph 11 above has been to deprive Plasencia of equal employment opportunities and otherwise adversely affect their status as an employee of Lowes because of their sex.

13. The unlawful employment practices complained of in paragraph 11 above

3

were intentional.

14. Lowe's hired Charging Party Plasencia to work at the Lowe's Headquarters Flagship store Huntersville, NC location in April 2020.

15. Shortly after beginning her employment, Plasencia was promoted to head cashier and awarded for outstanding performance signed by her supervisor at the time Nichole Nasavic.

16. Multiple cashier associates reported sexual harassment to Plasencia, Front End Manager Liliana Loiziano and front end supervisor Nichole Nasavic.

17. During their time working together, Loiziana and Nasavic disregarded and ignored multiple Lowe's associates reporting unwelcome sexual conduct, including, but not limited to, inappropriate sexual comments or innuendos.

18. Loiziano and Nasavic regularly ignored and disregarded reports of these kinds of sexual comments/behavior.

19. The sexually harassing behavior was so open, notorious, and frequent that Lowe's knew or should have known about it.

20. Indeed, managers at Lowe's Headquarters Flagship Huntersville, NC store were aware of inappropriate behavior and were at times present but failed to stop it.

21. Summer of 2020 Plasencia reported inappropriate behavior towards cashier Marissa to Loiziano and Nasavic. Nasavic responded by saying "She should cover her butt".

22. 4 Cashiers reported sexual harassment to Plasencia during her head cashier role.

23. In January 2022, Plasencia herself experienced lewd, lascivious, sexual behavior including lifting his shirt, rubbing his chest and simulated oral sex with his tongue in the direction of Plasencia from overnight stocker "Consider the Source Doug".

24. Plasencia upset by this behavior described the disturbing experience to her

husband Robert Jakaitis also a Lowe's plumbing customer service associate at the Lowe's Headquarters Flagship Huntersville, NC location.

25. Plasencia frightened, embarrassed, and upset by this experience asked her husband Robert Jakaitis to assist her on the matter in paragraph 22. above. On or around February 2022, Plasencia and Jakaitis informed the entire management team about the gender discrimination that she was subjected to. Store Manager Lucas Brewton and District Manager Richard Moss were on a conference call in the adjoining room to this meeting. The management team was so enraged by this report that Store Manager Lucas Brewton interrupted the heated discussion requesting it be moved to another room as it could be heard on the conference call being held by District Manager Richard Moss.

26. The management team responded with denial and blatant opposition. Her admission was reduced to "victim blaming". Following the meeting, Jakaitis asked store manager Lucas Brewton if he was aware of the harassment reported. Brewton's response to Jakaitis was " Yes, I was briefed on the matter and I should consider the source". All the managers refused to assume responsibility and provide leadership or guidance for this matter. Lowe's managers, store manager, and district manager failed to take measures to address the sexual harassment report promptly.

27. During the relevant time period and for months after the incident, "Consider the Source Doug" continued to freely work in the area of Plasencia and also subjected Jakaitis to loud taunting unwelcome shouts. Inappropriate harassing behavior that managers at Lowe's knew or should have known about.

28. All of the managers refused to assume responsibility and provide leadership or guidance for the matter described above in paragraph 26.

29. On a Saturday night after closing July 23, 2022, Plasencia was physically attacked by Manager Andra Cohen. Plasencia sustained multiple injuries to her lower right leg that required extensive treatment. The attack resulted in the triggering of severe symptoms from

5

past PTSD.

30. Plasencia and Jakaitis submitted reports to Plasencia Manager Austin Flowe immediately following the July 23, 2022 "Lowe's Manager Beating".

31. On or about July 29, 2022 Plasencia and Jakaitis presented the injury report to Huntersville, NC Police officer Gordon in the lobby of Huntersville Police station. Officer Gordon advised Plasencia and Jakaitis to do their own investigation.

32. The "Lowe's Manager Beating" injuries were misrepresented to the NC Industrial Commission and Lowes Insurance.

33. Plasencia while on short-term disability and FMLA protection Lowe's HR James Moore attempted to discharge Plasencia from Lowe's employment.

34. Lowe's ultimately discharged Plasencia employment while she was on Short-term disablity and FMLA leave.

35. Lowe's Nasavic signed a Huntersvllle, NC police order to arrest Plasencia for trespassing at Lowe's Flagship Headquarters Huntersville, NC location.

36. Huntersville Police office Gordon arrested Plasencia on or about December 22 2022. Trespassing Case No: 22CR369222-590.

37. On or about April 13, 2023 Jakaitis emailed injury reports to Mecklenburg County District Attorney Dan Mcneill (dan.mcneill@nccourts.org) hoping for a government official to investigate all of these matters.

## FIRST CLAIM FOR RELIEF

### [Sexual Harassment/Hostile Work Environment (42 U.S.C. § 2000e-2(a)]

36. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

37. Lowe's discriminated against Plasencia, and other aggrieved individuals in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting them to sexual harassment and because of their sex, female.

38. The offensive conduct described in the preceding paragraphs was sufficiently severe or pervasive to alter the terms and conditions of employment for Plasencia.

39. Lowe's knew or should have known about the hostile or sexually offensive work environment suffered by Plasencia.

40. Lowe's management did not take reasonable steps to promptly prevent, protect or remedy sexually harassing behavior in the workplace.

41. The effect of the practices complained of above has been to deprive Plasencia of equal employment opportunities and otherwise affect their status as employees because of their sex, female.

42. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

43. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of the charging party.

## **SECOND CLAIM FOR RELIEF**

### **[Constructive Discharge– 42 U.S.C. 2000e-2(a)]**

44. The allegations contained in the foregoing paragraphs are hereby incorporated by reference with the same force and effect as if fully set forth herein.

45. Lowe's discriminated against Plasencia by constructively discharging her in violation of Title VII.

46. The working conditions Lowe's created by the unlawful actions against Plasencia alleged in the preceding paragraphs were intolerable such that a reasonable female employee

7

subjected to such would not have continued to subject herself to choose between continuing her employment and her own safety and wellbeing. As noted above, sexually harassed Plasencia regularly, including but not limited to daily exposure to "Consider the Source Doug" for months prior to the "Lowe's beating". Lowe's nonetheless required Plasencia to choose between returning to work with the people who failed to intervene to protect her.

47. The effect of the practices complained of above has been to deprive Plasencia of equal employment opportunities and otherwise affect her status as an employee because of her sex, female, in violation of Title VII.

48. The unlawful employment practices by Lowe's described above were intentional.

49. The unlawful employment practices by Lowe's complained of herein were done with malice or reckless indifference to Plasencia's federally protected rights.


The provision in Title VII of the Civil Rights Act of 1964 that prohibits retaliation is Section 704(a), 42 U.S.C. § 2000e-3(a). This provision prohibits employers from retaliating against employees or job applicants who have opposed employment discrimination, filed a complaint, or testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII or other federal anti-discrimination laws.

## PRAYER FOR RELIEF

Wherefore, Terecita Dejesus Plasencia respectfully requests that this Court:

A. Grant a permanent injunction enjoining Lowe's, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in sexual harassment, constructive discharge of employees because of sex or any other employment practice which discriminates on the basis of sex.

B. Order Lowe's to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination, especially providing sexual harassment training to its managers, supervisors, and non-supervisory employees.

C. Order Lowe's to make whole Plasencia, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to lost wages, front pay, benefits, and compensation for all monetary losses.

D. Order Lowe's to make whole Plasencia, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Lowe's to pay Plasencia punitive damages for its malice or reckless indifference to her federally protected rights, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award Plasencia her costs of this action.

## JURY TRIAL DEMAND

Plasencia requests jury trial on all questions of fact raised by her complaint.

RESPECTFULLY SUBMITTED this 17th day of April 2023.

Terecita Plasencia Pro Se
Mailing Address:
19705 Acasia Pl
Cornelius, NC 28031
Phone: 704-236-3574
Email: terecitaplasencia@gmail.com

# SERVICE OF PROCESS DOCUMENTS
# Served to Lowe's Corporate Office

# 2-4/20 GM

| | |
|---|---|
| Date Served: | 4-20-2023 |
| Process Server Name, Company, Phone: | Iredell County Sheriff |
| Lowe's Received by: | Grace Meeks |
| Emailed to: | CSC |
| Subject: | Terecita DeJesus Plasencia v. Lowes Companies Inc |
| Document Type: | Complaint + Summons |
| Special Notes: | Employment |