**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO.  3:23-CV-299-MOC-DCK**

| | |
|---|---|
| **TERECITA DEJESUS PLASENCIA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  <u>ORDER</u> |
| | ) |
| **LOWE'S COMPANIES INC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion to Request an Extension of Time to Respond to the Defendant's Answer"(Document No. 8); "Motion to Stay Initial Attorney's Conference" (Document No. 9); and "Motion For Extension of Time to File an Amended Complaint" (Document No. 10).  These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motions, the record, and applicable authority, the undersigned will <u>grant</u> the motions in part and <u>deny</u> the motions in part.

## BACKGROUND

*Pro se* Plaintiff Terecita Dejesus Plasencia ("Plaintiff" or "Plasencia") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina on April 17, 2023.  The Complaint asserts claims against Lowe's Companies Inc. ("Defendant" or "Lowe's") for:  (1) sexual harassment / hostile work environment; and (2) constructive discharge.  (Document No. 1-1).  Defendant filed a "Notice Of Removal" (Document No. 1) with this Court on May 18, 2023.

Defendant subsequently filed an "Answer" (Document No. 5) on May 23, 2023; and "Defendant's Proposed Discovery Plan" (Document No. 6) on June 14, 2023.

On June 16, 2023, the Court issued a "Notice Of Availability Of Pro Se Settlement Assistance Program" (Document No. 7). Plaintiff is expected to complete the Court's attached form indicating whether or not Plaintiff intends to participate in the Pro Se Settlement Assistance Program within fourteen (14) days of receiving the Notice. (Document No. 7).

Plaintiff filed the pending: "Motion to Request an Extension of Time to Respond to the Defendant's Answer"(Document No. 8); "Motion to Stay Initial Attorney's Conference" (Document No. 9); and "Motion For Extension of Time to File an Amended Complaint" (Document No. 10) on June 20, 2023. In the interests of judicial economy and efficient case management, the undersigned will address the pending motions without delay.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77

(4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

The undersigned is not persuaded that there is evidence of prejudice, bad faith, or futility to support the denial of the instant motion to amend. After careful consideration of the record and the motions, the undersigned therefore finds that Plaintiff's "Motion For Extension of Time to File an Amended Complaint" (Document No. 10) should be granted. Plaintiff's Amended Complaint must comply with Fed.R.Civ.P. 8(a) and should attach any relevant EEOC documents, including Plaintiff's Charge of Discrimination and Notice of Right to Sue.

To the extent Plaintiff seeks to file a response to Defendant's Answer, such request is now moot in light of Plaintiff's Amended Complaint. Moreover, the current Answer does not include counterclaims, and therefore, the Court does not expect a response to the Answer. Plaintiff appears to misunderstand Fed.R.Civ.P. 12(a), which addresses responses to complaints and counterclaims, as well as Local Rule 7.1(e), which addresses the time frames for filing responses (and replies) related to pending motions.

Finally, the Court will allow the parties additional time to conduct an Initial Attorney's Conference pursuant to Local Rule 16.1 as set forth below.

**IT IS, THEREFORE, ORDERED** that the "Motion to Request an Extension of Time to Respond to the Defendant's Answer" (Document No. 8) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the "Motion to Stay Initial Attorney's Conference" (Document No. 9) is **GRANTED**. The parties shall conduct an Initial Attorney's Conference within fourteen (14) days of completion of the Pro Se Settlement Assistance Program or within

fourteen (14) days of Defendant filing an Answer to the Amended Complaint – whichever comes later.

       **IT IS FURTHER ORDERED** that the "Motion For Extension of Time to File an Amended Complaint" (Document No. 10) is **GRANTED**.  Plaintiff shall file an Amended Complaint on or before **July 13, 2023**.[1]

       **IT IS FURTHER ORDERED** that Plaintiff shall file a copy of a completed Pro Se Settlement Assistance Opt In/Out Form on or before **July 7, 2023**.  See (Document No. 7, p. 3).

       The Clerk of Court is directed to send a copy of this Order to *pro se* Plaintiff by U.S. Mail and to the email address provided in Document No. 1-1, p. 4.

       **SO ORDERED**.

Signed: June 20, 2023

David C. Keesler
United States Magistrate Judge

---

[1]  The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that:  "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV.  If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."