Hand-Delivered

FILED
Statesville, NC

DEC - 2 2024

Clerk, US District Court
Western District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Case No. 3:23-cv-299-MOC-DCK

| | |
|---|---|
| TERECITA DEJESUS PLASENCIA, ROBERT PETER PAUL JAKAITIS, PRO-SE PLAINTIFFS, v. LOWE'S COMPANIES, INC. d/b/a LOWE'S, DEFENDANT. | PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S RESPONSE (DOC. 48) AND MOTION FOR SANCTIONS |

**NOW COME** Plaintiffs, proceeding pro se, and respectfully submit this Response to Defendant's Opposition (Doc. 48) to Plaintiffs' Emergency Motion for Reconsideration (Doc. 45). Plaintiffs further move for sanctions based on Defendant's knowing and intentional filing of privileged materials from an ongoing criminal proceeding. In support thereof, Plaintiffs state:

INTRODUCTION

This Response addresses conduct that strikes at the heart of procedural fairness and constitutional protections. Through counsel, Defendant has deliberately filed privileged materials from an active criminal proceeding as public exhibits, attempting to force prejudicial disclosures and gain improper advantage. This calculated misconduct not only demonstrates why Plaintiffs' Emergency Motion must be granted but demands immediate Court intervention.

STATEMENT OF FACTS

A. On November 1, 2024, Plaintiffs filed an Emergency Motion for Reconsideration (Doc. 45) seeking protection of constitutional rights and evidence preservation.

B. On November 11, 2024, Defendant filed its Opposition (Doc. 48), deliberately attaching and quoting from privileged materials related to State v. Plasencia, Case No. 22CR369222-590 (Mecklenburg County Superior Court).

1

C. Defendant's counsel filed these materials:

   1. Without seeking leave of Court;

   2. Without following Local Rule 6.1 procedures for sensitive information;

   3. With full knowledge of the pending criminal matter;

   4. In an apparent attempt to force prejudicial disclosures.

D. The timing and manner of this filing suggests intentional misconduct rather than legitimate opposition.

## ARGUMENT

## I. DEFENDANT'S FILING OF PRIVILEGED MATERIALS WARRANTS SANCTIONS

The Supreme Court has long recognized that "the Constitution was designed as a working charter of government and not merely as a collection of English words." Garrity v. New Jersey, 385 U.S. 493, 500 (1967). Defendant's tactical use of privileged materials mocks this principle.

   A. Violation of Constitutional Protections

      1. The filing directly interferes with Fifth Amendment rights by attempting to force responses to allegations implicated in criminal proceedings. See SEC v. Dresser Industries, Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980).

      2. Courts must "exercise their discretion to prevent civil discovery from being used to circumvent criminal proceedings." United States v. Carolina Transformer Co., 978 F.2d 832, 838 (4th Cir. 1992).

      3. Defendant's actions represent exactly the type of abuse these protections are meant to prevent.

   B. Violation of Local Rules and Professional Standards

      1. Local Rule 6.1(c) mandates specific procedures before filing sensitive information that may impact pending criminal matters.

2. The North Carolina Rules of Professional Conduct prohibit using legal procedures primarily to harass or maliciously injure another. N.C. Rules Prof'l Conduct R. 3.1.

3. Counsel's conduct violates both the letter and spirit of these rules.

## II. IMMEDIATE COURT INTERVENTION IS REQUIRED

### A. The Court Has Authority to Act

1. Courts possess inherent authority to sanction "abusive litigation practices." Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991).

2. Rule 11 sanctions are warranted for filings made for "any improper purpose, such as to harass." Fed. R. Civ. P. 11(b)(1).

3. The Fourth Circuit specifically recognizes sanctions for "vexatiously multipl[ying] proceedings." Blue v. U.S. Dep't of Army, 914 F.2d 525, 546 (4th Cir. 1990).

### B. Protective Measures Are Standard Practice

1. Courts routinely stay civil proceedings when criminal matters are pending. Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 530 (S.D. W. Va. 2005).

2. The Fourth Circuit recognizes that "[t]he public has an interest in protecting a criminal defendant's right to a fair trial." In re Application of the United States, 707 F.2d 1171, 1173 (4th Cir. 1983).

## III. DEFENDANT'S CONDUCT DEMONSTRATES THE NEED FOR EMERGENCY RELIEF

Defendant's improper filing proves precisely why the Emergency Motion's requested relief regarding Rule 26 deadlines and evidence preservation is critical:

A. It shows Defendant will abuse procedural rules to gain advantage;

B. It confirms the risk to constitutional rights without protection;

C. It demonstrates the immediate threat to fair proceedings.

3

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request this Court:

1. **GRANT** Plaintiffs' Emergency Motion (Doc. 45);

2. **STRIKE** Defendant's Opposition (Doc. 48) and attached exhibits;

3. **ORDER** Defendant's counsel to show cause why sanctions should not be imposed;

4. **REFER** this matter for appropriate oversight review;

5. **AWARD** any additional relief justice requires.

Respectfully submitted this 2nd day of December, 2024.

*[signature]*

Terecita DeJesus Plasencia, Pro-Se Plaintiff
Email: terecitaplasencia@gmail.com
Mailing Address: 19705 Acasia Pl
Cornelius, North Carolina 28031
Contact Telephone: (704) 236-3574

*[signature]*

Robert Peter Paul Jakaitis, Pro-Se Plaintiff
Email: bobjakaitis@hotmail.com
Address: 19705 Acasia Pl
Cornelius, North Carolina 28031
Contact Telephone: (704) 236-3574

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S RESPONSE (DOC. 48) AND MOTION FOR SANCTIONS** was served by U.S. mail on the following counsel of record:

Attorney for Defendant
James M. Powell (NC State Bar 12521)
Jimmy.Powell@wbd-us.com
300 N. Greene Street, Suite 1900
Greensboro, North Carolina 27401
Telephone: (336) 574-8081
Facsimile: (336) 574-4561

This the 2nd day of December, 2024.

*/s/ signature*

Terecita De Jesus Plasencia, Pro-Se Plaintiff
Email: terecitaplasencia@gmail.com
Mailing address: 19705 Acasia Pl
Cornelius, North Carolina 28031
Contact Telephone: (704) 236-3574