IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-299-MOC-DCK

| TERECITA DEJESUS PLASENCIA and ROBERT PETER PAUL JAKAITIS, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| LOWE'S COMPANIES, INC, | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiffs' "Emergency Motion For Reconsideration Of Pretrial Order And Case Management Plan" (Document No. 44) filed November 1, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition.

By the instant motion, Plaintiffs ask the Court to reconsider the "Pretrial Order And Case Management Plan" (Document No. 44) filed on October 16, 2024. Plaintiffs' argument is difficult to follow, but suggests that this action should not proceed as directed by the Court based on a "pending criminal trespass case" apparently arising from a criminal trespass arrest on December 21, 2022. (Document No. 45, pp. 1-3). The motion, which is basically presented as an outline, provides little information about the allegedly related criminal incident where "Ms. Plasencia arrested while attempting to report assault." (Document No. 45, p. 3).

Plaintiffs further suggest that they have concerns about the preservation of evidence but seek a stay of discovery. (Document No. 45). In fact, it appears that Plaintiffs seek a complete stay of this action pending resolution and "All appeals" of the alleged related criminal action. (Document No. 45, pp. 7-8). Plaintiffs provide no information about where the related criminal

action is pending or the current status of that case. Notably, Plaintiffs initiated their civil action(s) alleging employment discrimination against Lowe's in or about April and September 2023, well after the criminal trespass arrest in December 2022.

In response, Defendant contends that Plaintiffs' motion "lacks a factual basis to justify a delay of the proceedings in this lawsuit any further." (Document No. 48, p. 1). Defendant notes that Plaintiffs already filed a motion to stay proceedings in June 2024, that was denied by the Court. (Document No. 48, p. 2) (citing Document Nos. 31 and 34). Defendant concludes that Plaintiffs' motion is "another delaying tactic" that should be denied. (Document No. 48, p. 4).

"Plaintiff's Reply..." first raises an issue not addressed in the pending motion or Defendant's response regarding Plaintiffs' ongoing objection to the consolidation of this case. (Document No. 51). Next, Plaintiffs re-assert that this civil action should be stayed pending resolution of an allegedly related criminal trespass case. Id. Plaintiffs also allege that they face "escalating safety issues." (Document No. 51) (citing Document Nos. 46 and 47). Finally, Plaintiffs complain that Defendant's timely-served initial disclosures "reveal material discrepancies in the job titles of key witnesses." (Document No. 51, p. 2).

In short, the undersigned is not persuaded that there is good cause to delay this action. At this time, Plaintiffs' request lacks factual allegations or legal authority that would support further delay. Moreover, to the extent Plaintiffs are concerned about the preservation of evidence and/or the accuracy of Defendant's initial disclosures, it appears that the best course of action for both sides is to promptly proceed with discovery.

If there are specific discovery requests that are allegedly problematic, the parties shall make good faith efforts to resolve such discovery disputes. If the parties' efforts fail, either side may

file an appropriate motion to compel, or for protection, in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiffs' "Emergency Motion For Reconsideration Of Pretrial Order And Case Management Plan" (Document No. 44) is **DENIED**. *Pro se* Plaintiffs shall provide Defendant's counsel with their Rule 26 disclosures on or before **December 20, 2024**.

**SO ORDERED**.

Signed: December 3, 2024

David C. Keesler
United States Magistrate Judge