**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:23-cv-299-MOC-DCK**

| | | |
|---|---|---|
| TERECITA DEJESUS PLASENCIA | ) | |
| ROBERT PETER PAUL JAKAITIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LOWE'S COMPANIES INC, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on (1) Defendant's Second Motion for Sanctions (Doc. No. 98), (2) Plaintiffs' Motions for Sanctions (Doc. Nos. 115, 116), and (3) Plaintiffs' Motions for Sanctions Pursuant to Rule 11 (Doc. Nos. 131, 133). Having considered the motions and the parties' arguments, the Court **DENIES** the parties' respective motions for sanctions.

## I.   BACKGROUND AND DISCUSSION

The Court hereby incorporates the factual background contained in its Order granting Defendant's motions for summary judgment (Doc. No. 140).

At issue here is Plaintiffs' and Defendant's conduct during discovery. Defendant contends that Plaintiffs willfully and knowingly delayed their discovery production until the very end of discovery in violation of this Court's Orders. (Doc. Nos. 67, 89). Defendant states that Plaintiffs did not produce the requested discovery until after Defendant filed the instant motion for sanctions. Defendant also notes in its Reply that Plaintiffs previously represented to the Court that their production delays were due to technical barriers and the complexity of the requested discovery, but that Plaintiffs now admit that the delay was strategic. (Doc. No. 106 at 1).

-1-

Plaintiffs contend that Defendant engaged in sanctionable conduct by allegedly: (1) characterizing the box throwing incident as "incidental contact"; (2) misstating certain employees' job titles; (3) failing to inform Plaintiffs about the statement Andra Cohen made to Defendant's workers' compensation investigator; (4) fabricating a police incident report number; (5) taking inconsistent positions regarding Plasencia's termination before this Court and the North Carolina Division of Employment Security ("NCDES"); (6) unreasonably multiplying proceedings; (7) asserting that there was a ten-month gap between Jakaitis' protected activity and his termination; and (8) taking the internally inconsistent position that Jakaitis' job was sedentary but could not be performed remotely. (Doc. Nos. 115, 116, 131, 133).

### a. Defendant's Motion

Federal Rule of Civil Procedure 37(b) states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" including but not limited to monetary sanctions, dismissal, and contempt. FED. R. CIV. P. 37(b)(2). Additionally, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

The decision to issue sanctions against a party under Rule 37 is committed to the sound discretion of the Court. Robinson v. Yellow Freight Sys., 132 F.R.D. 424, 427 (W.D.N.C. 1990); FED. R. CIV. P. 37(b)(2). In deciding whether to issue Rule 37 sanctions, the Court considers: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality

of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." <u>Robinson</u>, 132 F.R.D. at 427.

Having considered these factors, the Court will not issue sanctions against Plaintiffs. Although Plaintiffs' conduct throughout this litigation reeks of bad faith, the Court recently granted Defendant's motions for summary judgment despite Plaintiffs' actions. Thus, Plaintiffs' misconduct—while substantial—did not ultimately cause Defendant significant prejudice. Indeed, Defendant still managed to file its meritorious motions for summary judgment just a few weeks after the close of discovery. Furthermore, this Court has already issued sanctions against Plaintiffs for failing to engage in discovery and does not believe that additional monetary sanctions will appropriately serve the purpose of deterrence. Finally, having granted Defendant's motions for summary judgment, dismissal is not an available sanction. Accordingly, the Court will deny Defendant's motion for sanctions.

### b. Plaintiffs' Motions

Federal Rule of Civil Procedure 11(b)[1] requires an attorney to

certif[y] that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

---

[1] Jakaitis filed one of his motions pursuant to 28 U.S.C. § 1927, which requires a showing of misconduct greater than a motion under Rule 11. <u>See</u> <u>Howell v. Upgrade, Inc.</u>, No. 6:24-cv-04228, 2024 WL 5683321, at *1 (D.S.C. Dec. 6, 2024). Nevertheless, the Court will construe Jakaitis' motion under the lesser Rule 11 standard.

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b). Rule 11(c) states that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). "The primary purpose of Rule 11 is to punish violators and deter parties and their counsel from pursuing unnecessary or unmeritorious litigation." Moody v. Arc of Howard Cnty., Inc., 474 F. App'x 947, 950 (4th Cir. 2012). "The sanction must be sufficient but not more than necessary to deter similar, future conduct and may include monetary penalties." Id. The decision to issue sanctions against a party under Rule 11 is committed to the sound discretion of the Court. Id.

Here, the Court will not issue sanctions against Defendant because Plaintiffs have not shown that Defendant violated Rule 11(b). Plaintiffs merely rehash arguments they made in opposition to Defendant's motions for summary judgment. However, the Court explained in its Order granting Defendant's motions for summary judgment why each of Plaintiffs' arguments was incorrect. Nevertheless, the Court will again address why Plaintiffs' arguments are mistaken.

1. Defendant's characterization of the box throwing incident as "incidental contact" is simply an argument about the facts of the case. There is nothing improper about Defendant's conduct.

2. Although Defendant misstated certain employees' job titles when responding to Plaintiffs' discovery requests, Defendant corrected its mistake well before Rule 11's safe harbor period expired. See FED. R. CIV. P. 11(c)(2). Furthermore, Plaintiffs did

-4-

not suffer any prejudice from the mistake and nothing in the record suggests the mistake was intentional or designed to deceive the Court or Plaintiffs.

3. Defendant was under no obligation to inform Plaintiffs about Cohen's statement before discovery commenced.

4. Plaintiffs have failed to show that Defendant fabricated the alleged police incident report number, and they have not explained how the incident report number is at all relevant to their claims.

5. Plaintiffs have failed to explain how it is relevant that Defendant purportedly told the NCDES that Plasencia voluntarily quit. Furthermore, Plaintiffs have failed to explain how the alleged misrepresentation to the NCDES supports the imposition of Rule 11 sanctions in this matter.

6. Defendant has not unreasonably multiplied these proceedings by filing frivolous motions or making frivolous arguments. Defendant's filings and arguments have been justified.

7. Plaintiffs mischaracterize Defendant's argument that there was a ten-month gap between Jakaitis' alleged protected activity and his termination. Regardless, Defendant's argument is not frivolous such that Rule 11 sanctions are warranted.

8. Defendant's position that Jakaitis' job is primarily sedentary but cannot be performed remotely is not internally inconsistent.

Accordingly, Plaintiffs' motions for sanctions will be denied.

## II. CONCLUSION

-5-

For the foregoing reasons, the Court **DENIES** (1) Defendant's Second Motion for Sanctions (Doc. No. 98), (2) Plaintiffs' Motions for Sanctions (Doc. Nos. 115, 116), and (3) Plaintiffs' Motions for Sanctions Pursuant to Rule 11 (Doc. Nos. 131, 133).

### ORDER

**IT IS, THEREFORE, ORDERED** that (1) Defendant's Second Motion for Sanctions (Doc. No. 98), (2) Plaintiffs' Motions for Sanctions (Doc. Nos. 115, 116), and (3) Plaintiffs' Motions for Sanctions Pursuant to Rule 11 (Doc. Nos. 131, 133) are **DENIED**.

**IT IS FURTHER ORDERED THAT** the Clerk's Judgment (Doc. No. 141) is vacated, and that the Clerk shall now enter judgment in favor of Defendant and close the case.

Signed: March 3, 2026

Max O. Cogburn Jr
United States District Judge

-6-